IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CLARANCE LEVI, 1215208,<br>    Petitioner,<br><br>v.<br><br>NATHANIEL QUARTERMAN, Director<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division<br>    Respondent. | )<br>)<br>)<br>)      No. 3:06-CV-942-L<br>)      ECF<br>)<br>)<br>)<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division.  He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

**II.  Background**

On July 16, 1998, a jury found Petitioner guilty of two charges of aggravated robbery. *State of Texas v. Clarence Levi, Nos.* F-9845061 and F-9845062 (203rd Jud. Dist. Ct., Dallas County, Tex., July 16, 1998).  In both cases, the trial judge suspended the sentences and placed Petitioner on five years community supervision.  On January 9, 2004, the court revoked Petitioner's community supervision and sentenced Petitioner to five years imprisonment. Petitioner did not appeal his convictions or his revocations.

On August 31, 2004, Petitioner filed a state petition for writ of habeas corpus challenging his convictions and revocations. *Ex parte Levi*, No. 60,354-01. On March 16, 2005, the Court of Criminal Appeals denied the petition without written order.

On May 15, 2006, Petitioner filed this federal petition. He argues: (1) he was denied due process when the trial court failed to order a competency examination; (2) he was denied his right to Equal Protection under the law because the jury was not properly instructed regarding his mental competency; and (3) he received ineffective assistance of counsel.

On August 7, 2006, Respondent filed an answer arguing the petition is time-barred. Petitioner did not file a reply. The Court finds the petition is barred by the one-year statute of limitations.

## II. Discussion

### (a) Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**      Page -2-

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

In this case it appears that Petitioner is challenging both his conviction and his revocation. The Court will analyze each judgment separately.

(1) July 16, 1998 Conviction

On July 16, 1998, Petitioner was convicted of aggravated robbery. He did not file an appeal. His conviction therefore became final thirty days later on August 17, 1998.[2] *See* Tex. R. App. P. 26.2(a); *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until August 17, 1999, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On August 31, 2004, Petitioner filed a state habeas application. This

---

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)

[2]Thirty days from July 16, 1998, is Sunday, August 16, 1998. Pursuant to Tex. R. App. P. 4(a), the appeal was due on Monday, August 17, 1998.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**        Page -3-

petition did not toll the limitations period because it was filed after the one-year limitations period expired. Petitioner was required to file his federal petition by August 17, 1999. He did not file his petition until May 15, 2006. His petition is therefore untimely.

(2) January 9, 2004, Revocation

On January 9, 2004, the trial court revoked Petitioner's community supervision and sentenced Petitioner to five years confinement. Petitioner did not file an appeal. His revocation therefore became final thirty days later on February 9, 2004. *See* Tex. R. App. P. 26.2(a); *see also Roberts* 319 F.3d at 694-95 (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until February 9, 2005, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On August 31, 2004, Petitioner filed a state habeas application. This petition tolled the limitations for 198 days, until it was denied on March 16, 2005. When 198 days are added to the limitations period, the new limitations date is August 26, 2005. Petitioner, however, did not file his federal petition until May 15, 2006. His petition is therefore untimely.

**(b) Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause

of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling.  He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 11th day of April, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).